## OLESON vs. BROWN, imp.

*Damages for trespass.*

41 413
83 28

In an action for damages accruing to plaintiff from defendant's wrongfully striking plaintiff's horses attached to a sleigh and causing them to run, so as to throw off a load of wood then upon the sleigh, break the harness, etc.: *Held*, that in determining plaintiff's actual damages, it was proper to consider, as elements thereof, the labor and trouble of reloading the wood; the delay in getting to market or place of destination; the time and expense lost and incurred in making repairs to the harness and sleigh; and the injury done to the horses by causing them to run away, though they were *not physically injured* thereby — such act of running away having a known tendency to create a vicious habit.

APPEAL from the Circuit Court for *Fond du Lac* County.

This action was commenced in justice's court, for injuries done to a span of horses, harness and sleigh belonging to plaintiff, in consequence of the defendant *Brown's* striking the horses with a whip, causing them to run away, throw off a load of wood which was upon a sleigh, break the sleigh and harness, etc. The answer contained a general denial, and the defendant *Brown* further answered that at the time alleged he was carrying the United States mail; that plaintiff, by his team and driver, obstructed the road; and that whatever was done by him in respect to plaintiff's team, was done for the purpose of removing said obstruction.

Plaintiff's evidence tended to show that *Brown* struck the plaintiff's horses; that they then started and ran ten or fifteen rods, when the lines became tangled and they stopped; that the wood with which the sleigh was loaded was all tipped into

the road; that "it broke the stake out of the bolster, and tore the rack off, and ripped the belly band" on one of the horses; that plaintiff's son, who was driving the team, "was detained about one hour before he got the rack on and loaded up;" that the damage to the sleigh was only fifteen cents, and to the harness fifty cents. The plaintiff, as a witness in his own behalf, was asked: "Were your horses injured by the acts of the defendants or either one of them?" An objection to the question being overruled, he answered: "I call it injured. They were injured because they would learn to run away — by the habit they would acquire. They are a young team; high life, and hard to hold; they never ran away; five years old." He was also permitted against objection to testify that the amount of the damage thus done to the horses was $25.

The other evidence will not be stated. The justice rendered judgment for the plaintiff for $10.60 damages. On appeal to the circuit court, this judgment was affirmed; and the defendant *Brown* appealed to this court

*Eli Hooker*, for the appellant, argued that the damages in excess of sixty-five cents were either for injury done to the horses, or were exemplary damages; that as there was no pretense that the horses were injured, but only that they might learn to run away, damages on that ground were too remote (2 Greenl. Ev., 293; Sedgw. Dam., 56; *Vedder v. Hildreth*, 2 Wis., 429; *Murphy v. Fond du Lac*, 23 id., 366; *Patten v. Railway Co.*, 32 id., 534); and that under the evidence this was not a case for exemplary damages, the act of the appellant not having been wanton, malicious or vindictive. *Barnes v. Martin*, 15 Wis., 245; *Hamlin v. Spaulding*, 27 id., 364; *Morely v. Dunbar*, 24 id., 187; *Goodno v. Oshkosh*, 28 id., 300; *Single v. Schneider*, 30 id., 570, 571; *Wood v. Luscomb*, 23 id., 291; Tay. Stats., 747, § 1.

The cause was submitted for the respondent on the brief of *R. L. Oliver*, who contended that there was sufficient evidence to support the judgment as one for actual damages; and

that the facts would have justified a judgment for exemplary damages.

COLE, J.   There is abundant evidence in this case to show that $10.60, the amount of the justice's judgment, did not exceed the mere compensatory damages which the plaintiff sustained by the injury.   The learned counsel for the defendants contends that the direct actual damages did not exceed sixty-five cents; that is, fifty cents for the injury to the harness, and fifteen cents for the injury done to the sleigh.   To limit the recovery to that amount would be a mockery of justice; for it is idle to say that it would be any compensation for the trespass committed.   The elements of the direct proximate damages doubtless included the delay in getting to market or place of destination; the labor and trouble of reloading the wood in the snow; the time and expense lost and incurred in making the repairs; and the injury to the team in causing it to run away.   The plaintiff testified that the horses were young, "high life and hard to hold," and he thought they were injured $25 by the wrongful act of the defendant *Brown*, because they would acquire the habit of running away.   This would certainly seem to be a very moderate estimate of the injury done to such a team under the circumstances disclosed in the evidence.   For common experience and common sense teach mankind that the market value of a horse is greatly lessened by its habit of taking fright at any object and running away.   And consequently this court has held that an object in the highway outside of the traveled path, which was calculated to frighten horses of ordinary gentleness, constituted a defect which rendered the town liable for any injuries caused thereby.   *Foshay v. The Town of Glen Haven*, 25 Wis., 288; *Kelley v. Town of Fond du Lac*, 31 id., 180.   It is true that the testimony does not show that the horses received any bodily injury by running as they did, but they would be lessened in value by a vicious habit which they would

learn.   The act of the defendant *Brown* in striking the horses as he did, and causing them to run, was very wanton and wholly indefensible.   It is obvious that no exemplary damages were given for the trespass; so we need not go into that question.

*By the Court.* —The judgment of the circuit court is affirmed.