## FORNEY v. GELDMACHER, *Appellant.*

**Tort**: WILLFULLY CAUSING HORSES TO BREAK AWAY: DAMAGE BY COLLIS-
ION. Defendant finding a team of horses hitched to a post in the
street in front of his premises, willfully and intentionally threw a
stream of water from a hose upon them, whereby they were fright-
ened and breaking away ran down the street and collided with
plaintiff's team. *Held,* that plaintiff was entitled to recover of de-
fendant the damage caused by the collision.

*Appeal from Jasper Circuit Court.*—HON. JOSEPH CRAVENS;
Judge.

AFFIRMED.

*Galen Spencer* for appellant.

*Clark Craycroft* for respondent.

HENRY, J.—In plaintiff's petition, it is alleged, that
there was a span of horses, attached to a wagon, hitched
to a post in front of defendant's business house in the city
of Joplin, and that defendant, by means of a hose, while
sprinkling water on his pavement, "willfully, maliciously,
negligently and without reasonable cause, intending to
injure plaintiff and others," turned the hose and threw a
stream of water upon said horses, by which they were
frightened and broke loose, and, running down a street of
said city, collided with plaintiff's horse and wagon, then
being driven by plaintiff's servant, whereby the injury
complained of was occasioned. The evidence is not pre-
served by the bill of exceptions, but it stated that, on the
part of plaintiff, it tended to sustain the issues on his part.
The court refused to instruct the jury, at the close of
plaintiff's evidence, that, on the pleadings and evidence, he
could not recover, but for plaintiff, instructed the jury, that
if defendant willfully and intentionally threw the water
upon or under the horses, which frightened and caused
them to break loose and run through the street, and they

8-75

ran against plaintiff's wagon, they should find for plaintiff; but that he could not recover unless the defendant willfully and intentionally threw the water on the team. The plaintiff had a judgment, from which defendant has appealed.

The horses which ran against plaintiff's horse and wagon, were not the property of defendant, but of another. This, however, is wholly immaterial in the consideration of the question involved. The defendant, as the jury found, willfully turned the hose upon the horses, which were hitched to the post, and the injury to plaintiff's property was a direct result of his act. While one is not presumed to know the disposition or habits peculiar to particular animals, but only the disposition and habits which are common to that species of animal, every one is chargeable with notice of the generic disposition of any kind of animal, wild or tame, to stray, and of its liability to take fright. This is substantially the doctrine stated by Shearman & Redfield in their work on Negligence, section 188, cited by appellant's counsel. In the celebrated case of *Scott v. Shepherd*, 3 Wilson 403, Naves, Justice, in passing upon the question whether an action of trespass *vi et armis* would lie against defendant who threw the lighted squib, observed : " The nature of the act, the time and place when and where it was done, make it highly probable that some personal damage would immediately happen thereby, to somebody then present in a crowded market house on the fair day." This observation of the learned justice is pertinent to the case at bar. The horses and wagon were in a street of the city of Joplin, and defendant knew that the probable consequence of throwing a stream of water upon the horses, would be, to make them break their fastening, and run, to the great danger of any one driving a team through the street. The owner of the horses was not liable, because he had hitched them to the post, and the defendant is as culpable in law and morals, as if he had untied their fastening, and started the horses on a run through

the street, for he must have known that the result of his conduct would be the same.

The case bears but little resemblance to that of *Illidge v. Goodwin,* 5 Carr. & P. 190, cited by appellant's counsel. There the owner of a horse, drawing a cart, left the horse standing loose in the street; but the defendant offered to prove that the horse was of a gentle, quiet nature, and would have stood where he was left, but that a mischievous person struck him and he backed against plaintiff's window and broke his china-ware. Tindal, J., said this did not amount to a defense. "If a man chooses to leave a cart standing in the street, he must take the risk of any mischief that may be done." It was not determined—it was not a question in the case—whether the person who struck the horse would also have been liable to plaintiff. We have no doubt he would. In the case at bar, Turk, who owned the horses, was not liable. He had hitched his horses to the post, and, but for the willful act of defendant, they would probably have stood there until removed by their owner; and if the law would afford no redress to the plaintiff, in such a case, it would be lamentably defective. The judgment is affirmed, all concurring.