TEXAS & PACIFIC R'Y CO. v. W. C. GRAVES.

(No. 5258.)

CORPORATIONS, liable for acts of servants, when.

DAMAGES, excessive; $2,000 held not.

APPEAL from Parker county.    Opinion by WATTS, J.

STATEMENT.— A corporation is liable for the acts of its servants done in the course of the employment of the rightful uses as well as in the abuse of the authority conferred upon them by the corporation.    However, the liability of a railroad company for the wrongs and injuries committed by its servants upon a passenger is governed by the peculiar terms of the contract which the law imposes upon the company, and the company is liable on its contract for the safe transportation of the passenger, for the wrongs and injuries inflicted upon him by the servants of the company, even though at the time they be acting beyond the scope of their actual and implied authority.    In this case appellant was engaged as a common carrier of passengers. Appellee was rightfully upon the train as a passenger, and the conductor in charge of the train committed an assault upon and severely wounded him by striking him upon the head with a pistol.    It is claimed that conductor was then in the discharge of what he considered his duty in preventing, as he thought, appellee from robbing another passenger, and when the conductor pulled him from his seat appellee placed his hand in such a position that the conductor thought he was in the act of drawing a pistol, and thereupon the conductor struck him as in self-defense.

OPINION.— As to the immediate transaction there is a contrariety of evidence.    Three persons had been pointed out to the conductor as suspicious persons by a watchman at the depot, who informed the conductor that it was thought that they were following a gentleman then on the train, with a view of robbing him.    The conductor thought

appellee was one of the three men pointed out to him as suspicious persons, and was engaged in watching him and two others to prevent them robbing the passengers. Held, it may be assumed that the conductor was mistaken in the men pointed out and was laboring under a misapprehension as to appellee's intentions and the purport of his act, yet such mistake would not excuse the company nor exempt it from liability for the actual damage resulting to appellee from the wrongful acts of the conductor, which would include all damages resulting as a natural consequence from the wrong, including mental and physical suffering. Two thousand dollars actual damages is held not to be excessive, and as the exemplary damages have been remitted, the judgment is reversed and here rendered for same amount.

REVERSED AND RENDERED.