## Chicago & Alton Railroad Company v. Gustave Nelson, Administrator of Ingeman Nelson.

1. NEGLIGENCE—*Railroad Companies—Obstructing Streets.*—Where a railroad company causes a street, crossing its track, to be obstructed by piling ashes and cinders therein so as to impede and endanger those who have occasion to cross it, and an accident occurs as the natural and direct consequence of such obstruction, the company will be liable.

2. NEGLIGENCE — *Obstructing Streets — Resulting Casualties.* — A railroad company, at a street crossing, placed a pile of cinders in the street, so as to render it dangerous for persons passing. Three children, two boys and a little girl, were upon the sidewalk, about to cross the track; observing the train slowly approaching, the boys ran across but the little girl did not. One of the boys, a lad of nine years, stooped down close to the cars, evidently to look after his sister; in rising he slipped on the pile of cinders and slid under the wheels and was killed. The company was held liable.

Memorandum.—Action for damages. Death from negligent act. Appeal from the Circuit Court of Sangamon County; the Hon. JAMES A. CREIGHTON, Judge, presiding. Heard in this court at the November term, 1893, and affirmed. Opinion filed February 12, 1894.

The opinion states the case.

WILLIAM BROWN and GREENE & HUMPHREY, attorneys for appellant.

APPELLEE'S BRIEF, CHARLES E. SELBY, AND CONKLING & GROUT, ATTORNEYS.

Appellant unlawfully put and continued the obstruction in the street. Johnson v. Whitfield, 18 Me. 286, 36 Am. Dec. 721; Dygert v. Schenck, 23 Wend. 446; Sexton v. Zett, 44 N. Y. 430; Irvine v. Wood, 51 N. Y. 224; Elliott on Roads and Streets, 477; Kerr v. Forgue, 54 Ill. 482; Chicago, B. & Q. R. R. Co. v. Dewey, 26 Ill. 256.

Where the owner makes excavations in a street or sidewalk, places obstructions thereon, or otherwise renders it dangerous to passers-by, he is, in the absence of contributory negligence, liable to them for an injury resulting therefrom. Elliott on Roads and Streets, 540.

An act of an individual, done to a public street or highway, if it detract from the safety of travelers, is a nuisance, and special damage arising from it furnishes ground for a private action. Weick v. Lander, 75 Ill. 96; see also Baxter v. C., R. I. & P. Ry. Co. (Iowa), 54 N. W. Rep. 350; Hurry v. Dennis, 93 Ind. 452, 47 Am. Rpts. 378.

Whether the deceased was in the exercise of due care and caution for one of his years and capacity, was a question for the jury to determine. The court could not do so as a matter of law. Chicago & E. I. R. R. Co. v. Connor, 119 Ill. 586; T. H. & I. R. R. v. Voelker, 129 Ill. 540; 2 Thompson on Trials, Secs. 1664–1665.

They were to consider his actions also in the light of the circumstances in which he found himself placed, and in the light of his years and capacity. Kerr v. Forgue, 54 Ill. 282; R. R. I. & St. L. R. R. Co. v. Delaney, 82 Ill. 198; Chicago & A. R. R. Co. v. Becker, 84 Ill. 483; Chicago v. Keefe, 114 Ill. 222; Chicago, B. & Q. R. R. v. Dewey, 26 Ill. 256.

MR. JUSTICE WALL DELIVERED THE OPINION OF THE COURT.

The appellee recovered a judgment against the appellant for $1,500, on account of the death of Ingeman Nelson. The deceased, a boy nine years of age, slipped and fell under a moving engine on the appellant's road and received fatal injuries.

The alleged cause of his so slipping under the engine, was the presence of a pile of cinders, placed there by the servants of the appellant. This was in a street, crossing the appellant's tracks in the city of Springfield.

The pile of cinders had accumulated to such extent as to incumber the street and encroach somewhat upon the sidewalk.

It can hardly be questioned that the act of appellant in thus incumbering the street and interfering with the free and safe use of the sidewalk by pedestrians was negligent, and that it ought to be responsible for any damages directly attributable thereto, the injured party having exercised ordinary care.

Did the deceased use such care? It appears that he and a younger brother and a still younger sister were on their way from their home to Sunday school, and that they necessarily had to cross the track at this point. The engine in question was approaching, but not rapidly, and the boys crossed in front of it, but the little girl for some reason did not, and they, naturally anxious about her, when they found the engine and the attached cars were between her and them, were looking or trying to look under the engine, to see or perhaps speak to her, when the deceased, thinking he was too near for safety, attempted to step backward away, and in so doing stepped on the slippery edge of the cinder pile and slid under the engine. Considering all the circumstances, including the age and probable discretion of the deceased, we can not say the jury erred in the conclusion that there was no want of ordinary care on his part.

The remaining question of fact is, whether the negligent act of causing the cinders to so obstruct the street was the proximate cause of the injury.

It might well have been foreseen that such an incumbrance or obstruction would hinder and impede and endanger those who might have occasion to cross the railroad at that point. Perhaps the precise way by which this boy was injured was not foreseen by any one, but it is not necessary that the exact particulars should have been susceptible of prediction.

It is enough if the injury, though it could not be foreseen in its exact form, follows as a likely and probable consequence of the act in question, naturally, directly and in unbroken sequence, without any intervening and efficient cause to which it was due in whole or in part. Am. & Eng. Ency. of Law, Vol. 16, 432.

Where an unlawful act is done, the wrongdoer will be responsible, though other causes may contribute to the injury, if the injury is of such a nature as that it naturally followed from the act, and if some such results might have been expected. Weick v. Lander, 75 Ill. 93, and cases there cited.

It has been held that where the plaintiff, observing due care, was injured by the combined result of an accident and the negligence of a village, the latter was liable. Village of Carterville v. Cook, 129 Ill. 152.

See Forney v. Geldmacker, 75 Mo. 113, and a very elaborate note to the same case in 42 Am. Rep. 288, referring to many recent cases involving the proper application of the maxim, *causa proxima et non remota spectatur*.

The case then is that the appellant caused the street to be so obstructed as to impede and endanger those who might need to cross it; that the deceased exercised ordinary care for one of his age, and that while the particulars of the injury were not perhaps to have been foreseen, yet it was to have been expected that some such accident might occur, and that which did occur was a natural and direct consequence of the appellant's negligent act.

This makes the appellant liable.

The objection urged in the brief to the instruction given on behalf of appellee has been obviated by an amendment of the record, showing that the instruction given was free from the supposed fault.

No error appears and the judgment must be affirmed.