IN THE

# SUPREME COURT

OF

# OREGON

Argued November 1, decided November 15, 1909.

## HAWKS v. SLUSHER.

[104 Pac. 883.]

NEGLIGENCE—CONTRIBUTORY NEGLIGENCE—WILLFUL ACT.

1. Where defendant's conduct resulting in an injury is willful, it is no longer negligence, and hence the defense of contributory negligence cannot arise; such defense being only applicable where negligence is charged against defendant.

TORTS—WILLFUL ACT—DESTRUCTION OF PROPERTY.

2. Plaintiff was traveling with a horse and buggy over a road which passed through a gate near defendant's house. As plaintiff approached the gate, he advanced to open it when defendant stood in the gateway. An altercation ensued, in which defendant struck plaintiff, when the horse which had been left unhitched became frightened, ran away, fell over a cliff, and was killed, and the buggy and harness seriously damaged. *Held,* that plaintiff was under no obligation to provide against a probable assault, and hence his failure to tie the horse before engaging in the altercation will not avoid defendant's liability for the loss sustained.

From Umatilla: HENRY J. BEAN, Judge.

Statement by MR. JUSTICE SLATER.

This is an action by J. A. Hawks against A. W. Slusher, to recover damages for the value of plaintiff's driving horse, killed in a runaway, and for the destruction of

his buggy and harness.  On March 6, 1908, plaintiff was driving from his residence in Umatilla County to Nolin, where he was teaching school.  The road which he and others were accustomed to travel passed over or along the defendant's premises and through a gate near defendant's house.  On the morning of that day plaintiff approached the gate from the south, got out of the buggy, and advanced to open the gate, which swings to the north.  Defendant approached from the north and stood in the gateway.  Some words passed between them about plaintiff neglecting or refusing to close the gate after passing through it.  An altercation followed, during which the horse became frightened, ran away, fell over a cliff, and was killed, and the buggy and harness were seriously damaged.

Plaintiff alleges that at that time and place defendant wrongfully and unlawfully assaulted and struck him upon the face and head, causing him to fall to the ground; that at the time of the assault plaintiff was standing in the road beside his horse, which was hitched to a buggy; that defendant's striking plaintiff and the latter's falling caused the horse to become frightened, and because of the assault plaintiff was unable to hold the horse; that it ran away and fell over a cliff, resulting in the death of the horse and the destruction of the buggy.

Defendant by his answer denies the material averments of the complaint, and affirmatively alleges that at the time mentioned in the complaint, plaintiff appeared to become very angry and excited and left his horse and buggy on the outside of the gate, and, without tying or securing the horse in any manner, removed his overcoat and coat, placed them in the buggy, came within the inclosure to where defendant was standing, and in a violent and threatening manner attempted to strike and assault defendant; that, to ward off the assault,

defendant struck plaintiff and knocked him down; that at the time of the assault plaintiff was some 30 or 40 feet distant from where his horse was standing, which, not being tied or secured in any manner, walked away, drawing the buggy, and that any damage occurring to the horse or buggy or harness, was wholly due to the fault and negligence of the plaintiff in leaving the horse untied and going away some distance to engage in a dispute and altercation with defendant, and not to any act of the defendant.

The reply denies plaintiff was in any manner negligent and affirmatively alleges that he used due diligence in managing and caring for the horse at the time defendant struck plaintiff. Upon these issues the case was tried, and the respective parties offered evidence tending in some degree to support their respective allegations. The jury returned a verdict for plaintiff on which judgment was entered, and from which defendant has appealed.                                           AFFIRMED.

For appellant there was a brief over the names of *Messrs. Raley & Raley,* with an oral argument by *Mr. James H. Raley.*

For respondent there was a brief over the names of *Messrs. Winter & Lowell,* with an oral argument by *Mr. John P. Winter.*

MR. JUSTICE SLATER delivered the opinion of the court.

1. The principal error complained of is the giving of the following instruction:

"If the defendant wrongfully and unlawfully assaulted the plaintiff and struck the plaintiff, and thereby frightened plaintiff's horse, and as a result thereof plaintiff's horse ran away with plaintiff's buggy and harness, causing the injury to said horse and buggy and harness, or either of them, then the defendant is liable in damage to the plaintiff."

And the refusal to give this:

"I instruct you that the doctrine of comparative negligence does not apply in this State, and, if the plaintiff is entitled to recover, it must be for the negligence of the defendant, without contributory negligence on his own part. If, therefore, you find from the evidence in this case that the plaintiff neglected to use ordinary care and prudence to prevent the horse from running away, which resulted in the injury complained of, then he cannot recover in this case."

Another requested instruction, substantially of the same import as the above, but stated in somewhat different language, was also refused, as well as a request that the court give "a general instruction on contributory negligence." It is contended by the defendant that, although he may have done an act in violation of law by committing a wrongful assault upon plaintiff, yet that would not deprive him of his right to allege and prove contributory negligence on the part of plaintiff whereby he suffered damage to his personal property. The complaint does not charge that the damages claimed by plaintiff arose from any negligence of defendant, but from an intentional and unlawful assault upon him. In order to constitute contributory negligence on the part of the plaintiff, there must be negligence charged against the defendant. An assault and battery is not negligence. The former is intentional, willful; the latter unintentional. *Ruter* v. *Foy,* 46 Iowa, 132. When the defendant's conduct is willful, it is no longer negligence, and, when the injury sustained is the result of the wanton and willful act of the defendant, the defense of the plaintiff's contributory negligence cannot arise. Beach, Contributory Negligence (2 ed.) § 64; 29 Cyc. 509. It seems to be admitted by defendant's counsel that the above rule would be applicable if the plaintiff were seeking damage for injury to his person arising from such an assault, but it is contended that in the present case the damages

claimed are not to the person of plaintiff but to his property, and that there is no allegation of proof that the defendant willfully assaulted the plaintiff for the purpose of creating the damage complained of. The rule appears to be that:

"Where the act or omission complained of was not *prima facie* actionable, because indifferent in itself, the intent with which it was done becomes material, and requires, as do all substantive matters of fact, a specific allegation thereof; but where the act occasioning damage is itself unlawful, without any other extrinsic circumstances, the intent of the wrongdoer is immaterial, and no allegation thereof is necessary." 21 Pl. & Pr. 918. "The author of a willful tort is responsbile for the direct and immediate consequences thereof, whether or not they may be regarded as natural or probable, or whether they might have been contemplated, foreseen, or expected, or not." 8 Am. & Eng. Enc. Law (2 ed.) 598.

For example, one who threw a stream of water from a hose upon a team of horses hitched in front of his premises, frightening the horses so that they ran away and collided with another team, was held liable in damages for the injuries resulting from the collision. *Forney* v. *Goldmacher,* 75 Mo. 113 ( 42 Am. Rep. 388). And, where the defendant wrongfully struck the plaintiff's horses attached to a sleigh, causing them to run so as to throw off the load of wood on the sleigh, and break the harness, he was held liable for the labor and trouble of reloading the wood, the delay of getting to market or place of destination, the time lost and expense incurred in making repairs to the harness and sleigh, and the injury done to the horses by creating in them a vicious habit of running away. *Oleson* v. *Brown,* 41 Wis. 413. So, also, where a railroad company ran its train of cars over a hose which had been laid across its line of road to extinguish a fire in a building, and it was shown that the building was destroyed by fire as a con-

sequence of a lack of water resulting from the severance of the hose, it was held that, as the act of the corporation was the cause of the destruction of the building, the company was liable. *Metallic Compression Casting Co.* v. *Fitchburg R. Co.*, 109 Mass. 277 (12 Am. Rep. 689).

2. In the case in hand, the evidence of both parties shows that up to the time of the altercation the plaintiff was in personal charge and control of the horse. He was under no legal obligation or duty to anticipate that defendant would violate the law by assaulting him, or to make provision against possible results of a probable assault any more than he would be required to avoid the same by retreating or otherwise. *Steinmetz* v. *Kelly*, 72 Ind. 442 (37 Am. Rep. 170). The whole question then was involved in the issue whether the horse became frightened because of the assault, and succeeded in getting away because plaintiff was prevented thereby from personally controlling him. This was fairly presented to the jury by the instruction given.

Finding no error in the record, the judgment is affirmed.                                           AFFIRMED.