## PANHANDLE & S. F. RY. CO. v. DALDORF.* (No. 2374.)

(Court of Civil Appeals of Texas. Amarillo. Oct. 29, 1924. Rehearing Denied Nov. 19, 1924.)

1. **Appeal and error 🤝1060(2)—Record being silent as to improper motive or sincerity of plaintiff's counsel's cross-examination, no reversible error is shown.**

In action by trespasser for injuries sustained in ejection from train, though facts sought to be proved as to similar conduct of detective on other occasions were inadmissible where record did not show improper motive or want of sincerity of plaintiff's counsel in continuing cross-examination as to such matters, no reversible error is shown.

2. **Railroads 🤝282(15)—Charge held not to limit right of detective to such force as appeared to him reasonably necessary to eject trespasser.**

Charge as to right of detective to use force to eject trespasser from freight train, *held* not to limit his rights to use of such force as appeared to him to be reasonably necessary.

3. **Railroads 🤝282(11)—Question of reasonableness of conduct of detective in ejecting trespasser is for jury.**

In using force to eject trespasser from freight train, detective may use such force as is reasonably necessary, but question of reasonableness of his conduct in so doing is for jury, and he is not authorized to use force which he deems reasonably necessary.

4. **Trial 🤝295(6)—Charge, construed as whole and with facts, held not to instruct to find against railroad, if ejection of trespasser was with evil and malicious intent.**

Charge construed as whole, in light of facts of ejection of trespasser from train by detective, *held* not reversible error, as instructing to find against railroad, if acts were done with evil and malicious intent.

🤝For other cases see same topic and KEY-NUMBER in all Key-Numbered Digests and Indexes
*Writ of error dismissed for want of jurisdiction January 14, 1925.

5. **Master and servant ⊗═306—Master's responsibility for willful and wanton acts of employee stated.**

Master is responsible for willful and wanton acts of employee in course of employment, even though they were unauthorized and forbidden, and this without regard to employee's motive.

6. **Railroads ⊗═282(15)—Charge, claimed to limit right of detective to use force to acts and words of trespasser, held not erroneous.**

Charge, objected to as limiting rights of detective to use force to repel assault or threatened assault of trespasser he was ejecting from freight train to acts and words of trespasser, *held* not erroneous, where evidence showed any assault by trespasser had terminated.

7. **Trial ⊗═194(17)—Charge on trespasser's right to recover for injuries in jumping, if he believed he was in danger, held not on weight of evidence.**

Charge, that, if at time trespasser jumped from train, detective was, without cause, making threatening gestures with gun or threatening to shoot, and if trespasser believed he was in immediate danger of injury he could recover for injuries, result of jumping from car, *held* not on weight of evidence.

8. **Railroads ⊗═278(5)—Trespasser, jumping from train when threatened by detective, entitled to recover, though belief of danger not reasonable.**

If railroad detective was threatening trespasser with a gun without cause, and trespasser, believing he was in danger, jumped from train and was injured, he could recover, whether or not his belief was reasonable, as detective's act, being in violation of a penal law, was negligence per se, and contributory negligence was not a defense.

Appeal from District Court, Hemphill County; W. R. Ewing, Judge.

Action by Walter Daldorf against the Panhandle & Santa Fé Railway Company. Judgment for plaintiff, and defendant appeals. Affirmed.

Hoover, Hoover & Willis, of Canadian, and Terry, Cavin & Mills, of Galveston, for appellant.

Sanders & Jennings, of Canadian, for appellee.

HALL, C. J. The appellee sued appellant railway company to recover damages for personal injuries, alleged to have been received by him when he was forced to jump from the top of a box car, in order to avoid serious injury at the hands of the appellant's special officer or detective. He alleged that on October 2, 1923, at about 4 o'clock a. m., he was at Canadian, Tex, riding in one of the defendant's freight cars, having entered said car at Eldorado, Kan.; that while the train was temporarily in the yards at Canadian the defendant's special officer, C. L. Frye, who was charged with the duty of ejecting from trains all persons riding thereon without license, forcibly ejected plaintiff from such train, compelling him, through fear of bodily harm, to jump from the top of a freight car; that the detective had leveled a gun at him, had called him a vile name, and threatened to shoot him, and that from the jump he sustained a broken leg, numerous bruises upon his body, and his back was wrenched; that said Frye then came to him and kicked and cursed him, and made him get up and attempt to travel with his broken leg, jerked him to the ground, made him crawl under the train, threatened to throw him under it, ordering him to leave town, and that plaintiff finally escaped from him by crawling, through some weeds, mud, and water up to his neck, in the dark, to a house, where a doctor was summoned, and from which he was moved to a hotel for treatment. It is further alleged that the defendant company, with full knowledge of all the facts, ratified and confirmed the willful, malicious, and illegal acts of its said special officer. The prayer is for $2,000 actual damages, $1,000 for mental suffering, $50 for doctor's bills, and $220 for board and lodging while recovering from his injuries, and $880 for loss of time as a metal polisher.

Defendant company answered by general denial, and specially alleged the plaintiff was a trespasser upon its cars and train; that he was riding thereon in violation of defendant's rules, and laws of the state of Texas, and of the United States; that the defendant used ordinary care in expelling plaintiff from the train; the plaintiff had received his injury while engaged in an unlawful enterprise, and while trying to escape from an officer of the law; that the officer, in expelling him, used ordinary care in the performance of his duties, as it appeared to him from the manner, attitude, actions, and conduct of plaintiff; that plaintiff was guilty of contributory negligence. The case was submitted to the jury upon a general charge, and resulted in a judgment for plaintiff in the sum of $550.

It is insisted, under the first proposition, that the evidence does not support the verdict and judgment, and that the court should have directed a verdict for the defendant railway company. This contention is overruled.

[1] Under the second proposition, it is insisted that in a case of this character it is reversible error for the court to permit plaintiff's attorney to cross-examine said special officer in such a way as to reflect upon his habits as such officer, by permitting such attorney to continue to ask questions raising the inference that said officer was in the habit of wantonly shooting at tramps, trying to intimidate them, and in permitting said at-

torney to persist in asking a series of questions, bringing up special instances, after the court had repeatedly ruled that such questions were inadmissible.

The bill of exceptions shows that Frye was asked how many hobos he had ejected from trains during the last year; how many he made pay fines during that time; if he had not run hobos out of town every day; if he had not shot in after them, and rounded them up and scared them out of town; and if he had not run two men over the sand hills, shooting in behind them with his gun. The facts sought to be proven by these questions were inadmissible, under the general rule excluding proof of similar acts, conduct, and transactions, and appellee's counsel may or may not have been guilty of misconduct in continuing this manner of interrogating the witness, after the court had sustained objections to each of his questions. St. Louis, S. F. & T. Ry. Co. v. Knowles, 44 Tex. Civ. App. 172, 99 S. W. 867; Yarborough v. Weaver, 6 Tex. Civ. App. 215, 25 S. W. 468. The objections urged to the above questions were that they were immaterial, irrelevant, and had nothing to do with the case. As stated, these objections were sustained by the court. Frye was then asked, "Isn't it a fact that you paid a fine here in the town of Canadian for an assault and breach of the peace, for just this kind of conduct?" Defendants then interposed the objection "to the manner and kind of questions that were being propounded by the plaintiff's attorney," stating that such questions were prejudicial to the rights of defendant. The court not only sustained this objection, but instructed the jury not to consider the last question for any purpose. There are numerous exceptions to the rule which excludes proof of similar acts and facts, and there is nothing in the record to show that appellee's counsel had any improper motive, and was not sincere in pursuing that course in interrogating the witness; so no reversible error is shown.

[2] Appellant insists that the court has limited the rights of Frye, by the third paragraph of the charge, to use such force as appeared to him to be reasonably necessary, after the plaintiff resisted ejection by force or threats. We do not think the charge is subject to the criticism. The paragraph complained of is as follows:

"You are instructed that the plaintiff was a trespasser on defendant's train, and that C. L. Frye, as special officer of the defendant company, had the right to eject plaintiff from defendant's train by the use of such force as was reasonably necessary under the circumstances, and, if the plaintiff by force or threats resisted being ejected, the said Frye had the right to use all such force as was reasonably necessary, or as he believed to be reasonably necessary, under the circumstances as they reasonably appeared to him at the time, to eject plaintiff from defendant's train; and, if you should find that the said Frye so acted in ejecting plaintiff, if he did eject him, then his acts would be lawful, and the plaintiff would not be entitled to recover of defendant damages in this case, etc."

[3] The charge is more favorable to appellant than the law authorizes, in that it gives Frye the right to use all such force as he may deem necessary, under the circumstances, as it reasonably appeared to him at the time. The law does not permit an employee, in ejecting a trespasser from a railroad train, to be the supreme arbiter. In using force in so doing, he may use such force as is reasonably necessary to accomplish that object, but the reasonableness of his conduct is a question for the jury, and not for the officer, to determine. Although he may think that, from his standpoint, he is justified in using extreme measures, nevertheless he may be mistaken, or he may be willful and wanton in doing so. This presents an issue exclusively for the jury to determine. G. H. & H. Ry Co. v. Fleming (Tex. Civ. App.) 203 S. W. 105; T. & N. O. Ry. Co. v. Parsons (Tex. Civ. App.) 109 S. W. 240; Id., 102 Tex. 157, 113 S. W. 914, 132 Am. St. Rep. 857; Baker v. Ives (Tex. Civ. App.) 188 S., W. 950; T. & P. Ry. Co. v. Graves, 2 Posey, Unrep. Cas. 306.

[4] The fourth and fifth paragraphs of the charge are as follows:

"(4) In ejecting a trespasser from a train, the agent of the railway company is required by law to use ordinary care (and, in this connection, the term 'ordinary care' means that degree of care which an ordinarily prudent person would have used under the same or similar circumstances), not to injure such trespasser, and such agent has no right to willfully or maliciously inflict injuries upon such trespasser, and, if such agent fails to use such ordinary care, or acts with an evil or malicious intent to injure the trespasser, and the trespasser receives injuries which are the direct and proximate result of the failure to use ordinary care, or the evil or malicious conduct of the agent committing it in ejecting such trespasser, then the railway company will be liable to the trespasser for such damages as he sustains as the direct and proximate result of such wrongful conduct or acts of the agent."

"(5) Now, bearing in mind the foregoing instructions, if you find and believe from the evidence, by a preponderance thereof, that C. L. Frye ejected plaintiff from defendant's train, and that in so doing the said Frye failed to use ordinary care, and willfully and maliciously bet, cursed, and threatened to take the life of plaintiff, as alleged in plaintiff's petition, and that, as the direct and proximate result of such beating, cursing, and threats, if any, plaintiff sustained the damages alleged in his petition, or any of such damages, you will find for the plaintiff damages the measure of which is hereinafter given you."

[5] It is insisted that these paragraphs of the charge erroneously instruct the jury to find against the defendant, if the acts were done with evil and malicious intent. This

is not reversible error, when the charge as a whole is considered in the light of all the facts. The court charged the jury to find only actual damages, and it does not appear that exemplary damages, based upon malice, have been awarded. We must presume that the jury read and considered the charge in the light of the evidence. There is no testimony indicating that Frye was actuated by personal malice towards the plaintiff. He says he had never seen plaintiff prior to the time, and nothing had occurred which would give rise to any personal ill will on his part. He testified that he was acting at all times as an employee of the company, and in the performance of his duties as special officer. The rule is that the master is responsible for the willful and wanton acts of his employees, done in the course of their employment, even though they were unauthorized, and had absolutely been forbidden by the master, and this without regard to the employee's motives. Grubb v. G. H. & S. A. Ry. Co. (Tex. Civ. App.) 153 S. W. 694, and authorities cited; G. H. & S. A. Ry. Co. v. Zantzinger (Tex. Civ. App.) 49 S. W. 677; Southern Pacific Ry. Co. v. Kennedy, 9 Tex. Civ. App. 232, 29 S. W. 394; H. & T. C. Ry. Co. v. Bell (Tex. Civ. App.) 73 S. W. 56.

[6] The sixth paragraph of the charge is as follows:

"You are further instructed that, if you believe from the evidence that at the time C. L. Frye assaulted plaintiff, if he did assault him, that the plaintiff was then committing some act coupled with his words, or was committing some act without words, which produced in the mind of said Fry, viewed from his standpoint alone, the belief that the plaintiff was then and there about to assault him, and that he was in danger of sustaining serious bodily injury, and you further believe from the evidence that at the time of said assault, if any, viewed from his standpoint, the said Frye had reasonable grounds to apprehend such danger, and that he did apprehend such danger, you will then find for the defendant, and so say by your verdict; and, in this connection, you are further charged that the said Frye did have the right to act on the appearance of danger, as well as if the danger were actual, and had the right to defend himself from danger or apparent danger, as it reasonably appeared to him at the time, viewed from his standpoint alone, and, if you find and believe that the said Frye so acted, your verdict should be for the defendant."

For the reasons stated in discussing the third proposition above, we think the appellant has no ground of complaint, because of this paragraph of the charge. The Fleming and Parsons Cases, supra, and other cases therein cited, are applicable here. The rule of apparent danger, however sincere Frye may have been, would not relieve the defendant of liability, if the jury should conclude that he had not acted with ordinary care, and was mistaken as to the reality of the danger. The objection made to this charge is that it limits the right of Frye to use force to repel such assault, or threatened assault, to the actual acts and words on the part of the trespasser. The rule, as stated in 3 Thompson on Negligence, § 3254, is:

"If there is a right to expel the passenger or trespasser, and the expulsion is forcibly resisted, then it is obvious that the servants of the carrier may use such force as is necessary to overcome the resistance, and to defend themselves from the assaults or attacks of the passenger or trespasser. In such a case the law does not allow the passenger or trespasser to recover damages for injuries produced by his own unlawful resistance. It must be obvious that a carrier of passengers cannot be held liable, under any circumstances, for an injury done to a passenger by the carrier's servant in his own necessary defense."

The facts shown by Frye's testimony alone do not bring this case within that rule. After Frye had found the plaintiff in the refrigerator car and forced him to crawl to the top of the car through the ventilator, and after he had questioned him about where he was going, he says:

"I told him that I would have to arrest him and put him in jail, and I started to take hold of him to search him, to see if he had a gun or weapon, and he ducked and jumped by me and wheeled around and threw his hand back like he was going to put it in his pocket, or make a run and knock me off the car, and I pulled my gun out and told him to put up his hands, and he refused to do it, and I struck at him with my gun and he ducked, and I just tipped his left shoulder, and he jumped back three or four feet further. Then I started towards him again, and I told him to put up his hands, and he made like he was going to jump off the car, and I told him not to jump off, but he jumped anyway and hit No. 1 track, siding or switch—hit the rail."

He further testified:

"He had done got from the vent where he got out over to the other end of the car just in front of the hatch, and I was some five or six feet from him, and started to go over to where he was again, and he just leaped off."

The facts show that Frye never did arrest the plaintiff, nor did he have any authority to arrest him without a warrant. T. & N. O. Ry. Co. v. Parsons (Tex. Civ. App.) 109 S. W. 240. According to this testimony, the company is not relieved of liability, even if plaintiff had made the hip-pocket play which Frye described. After Frye struck him with the pistol, the plaintiff jumped back three or four feet; then Frye started towards him, and told him to put up his hands, but plaintiff of course, was frightened and jumped from the car. Frye subsequently examined him and found that he was unarmed, and the jury evidently did not accept Frye's version of the matter, and the hip-pocket story. If it be admitted that plaintiff did put his hand

toward his hip pocket with the purpose of assaulting Frye, his assault had terminated. Just before he jumped from the car, Frye threw his gun on him and ordered him to throw up his hands. After the assault had terminated, Frye was not justified in further threatening and mistreating him. G. H. & S. A. Ry. Co. v. La Prelle, 27 Tex. Civ. App. 496, 65 S. W 488.

[7] The court gave plaintiff's special charge No. 2 as follows:

"If you find and believe from the evidence, by a preponderance thereof, that at the time plaintiff jumped from the car C. L. Frye was, willfully and without cause, making threatening gestures toward plaintiff with a gun, or threatening to shoot plaintiff, and if you further find that plaintiff jumped from the car because he believed from such gestures or threats that he was in immediate danger of being injured by said Frye, then the plaintiff would be entitled to recover such damages, if any, which he sustained from injuries, if any, received as a direct and proximate result of jumping from the car, unless you find for the defendant under other charges given you."

This charge is not upon the weight of the evidence, nor was the court in error in refusing to limit the plaintiff's right by adding to the charge that his belief must be reasonable, or such as a reasonably prudent man would have acted upon. In the case of G., H. & S. A. Railway Co. v. Zantzinger, 92 Tex. 365, 48 S. W. 563, 44 L. R. A. 553, 71 Am. St. Rep. 859, this question was certified to the Supreme Court:

"Should the court, in applying to the facts of this case as above stated the rule announced in Railway v. Neff, 87 Texas, 303, have assumed that Campbell's act, in making the leap described was not contributory negligence, and that he was excused by the act of the engineer and other facts of the situation from the exercise of ordinary prudence; or should it have submitted to the jury the question of the adequacy of such facts to produce a state of mind in which ordinary prudence should not be expected of him, and the further question whether or not such state of mind was produced?".

In answering this question, Gaines, C. J., said:

"When the negligence of the plaintiff concurs with that of the defendant and contributes to produce the damage for which he sues, he cannot recover. It is not so, if the act of the defendant be willful. In speaking of the rule of contributory negligence, the Supreme Court of Indiana says: 'The doctrine, however, can have no application to the case of an intentional and unlawful assault and battery, for the reason that the person thus assaulted is under no obligation to exercise any care to avoid the same by retreating or otherwise, and for the further reason that his want of care can in no just sense be said to contribute to the injury inflicted upon him by such assault and battery.'"

The Zantzinger Case is one where Campbell, a trespasser, was riding into Houston on the footboard between the engine and flat car. The engineer opened the cylinder cock of the engine, thereby throwing hot water and steam upon Campbell, who sprang from the footboard toward the flat car, but missed it, and, falling upon the track, was run over and injured. As we understand the instant case made by the plaintiff's pleadings, and limited by the court's charge, he sues for damages resulting from the wanton and willful act of Frye in frightening him and causing him to jump from the top of the car, whereby he was injured. In the case of Railway Company v. Watkins, 88 Tex. 20, 29 S. W. 232, it is said:

"When one by his own wrongful act has so terrorized another that such other is thereby impelled to do an act resulting in his injury, the wrongdoer cannot shield himself from liability by showing that the person so terrorized did not act as a reasonably prudent person would have acted, under similar circumstances."

See, also, Jackson v. G. H. & S. A. Ry. Co., 90 Tex. 372, 38 S. W. 745; 33 Cyc. 820–822. In the Watkins Case, Denman, J., said:

"It is often said that a railroad owes no duty to a trespasser, * * * except to refrain from wanton injury to him. This doctrine has never been adopted in this state, but has been expressly repudiated." Railway Company v. Sympkins, 54 Tex. 618, 38 Am. Rep. 632.

[8] In the case of W. A. Morgan & Bros. v. M. K. & T. Railway Company of Texas, 108 Tex. 331, 193 S. W. 134, it is said:

"Contributory negligence is never a defense to an intentional wrong. When one knows that his act will inflict an injury because of a discovered and immediate danger produced by another's negligence, which it is fully within his power to avert, his infliction of the injury, without effort to prevent it, has either all the character of an intentional wrong, or else is one of such recklessness as to amount to the same thing. In applying the principle which holds such a wrongdoer to account, there is no sound reason for making a distinction between injury to persons and injury to things."

The charge complained of plainly instructs the jury that, if Frye was willfully and without cause making threatening gestures toward plaintiff, or threatening to shoot plaintiff, and plaintiff jumped because he believed that he was in immediate danger, he would be entitled to recover, if the jury believed that the gestures and threats were made by Frye without cause, then Frye was violating a penal statute of this state. His act was negligence per se, and comes within the rule that, where the act is willful and wanton, contributory negligence of the plaintiff is not available as a defense. See Hawks v. Slusher, 55 Or. 1, 104 P. 883, Ann. Cas.

1912A, 491, and note. We think the charge was properly given.

We find no reversible error, and the judgment is affirmed.