496 P.2d 624

**FRONTIER MOTORS, INC., an Arizona corporation, and Abe Raben and Merriam J. Raben, his wife, Appellants,**

v.

**Patricia HORRALL, Appellee.**

**No. 1 CA–CIV 1482.**

Court of Appeals of Arizona, Division 1.

May 4, 1972.

Kanne & Bickart by Allen B. Bickart, Phoenix, for appellants.

States, Meyer & Vucichevich by Rad L. Vucichevich, Phoenix, for appellee.

HATHAWAY, Judge.

Appellee (plaintiff) brought suit in superior court against appellants (defendants) alleging Abe Raben, while engaged in the performance of his duties for Frontier Motors, Inc., did without cause or provocation, unlawfully, wrongfully, unjustly and abruptly strike the plaintiff, or in the alternative, negligently struck the plaintiff, injuring her, thereby reactivating a probable terminal disease process, *lupus erythematosus* and epilepsy.

After a five-day jury trial a verdict was rendered for plaintiff against all defendants in the sum of $25,000 for compensatory damages and $10,000 for punitive damages. Judgment was entered on the verdict and this appeal is from the order of the trial court denying the defense motion to set aside the verdict and for a new trial.

On October 8, 1968, plaintiff and her sister went to the offices of defendant, Frontier Motors, Inc., to secure the return of a $50 deposit on a motor vehicle previously left by plaintiff's sister. A salesman refused to return the deposit. When the salesman left, defendant Raben appeared and also refused to return the money. When plaintiff indicated to Raben that the money should be returned to her sister, he responded with a number of strong remarks and threatened to call the police. He changed his mind and stated, "piss on you, you son-of-a bitch. If you want to call the police, call the police." Plaintiff then picked up the telephone and proceeded to dial. Raben jerked the phone away from her and struck her in the area of the left rib cage, causing her to fall against a wall. He then, while continuing to curse her, ordered her from the lot.

Raben and an employee testified that Raben had requested that plaintiff not use the telephone and that she picked it up and placed it behind her and started backing up. Raben thereupon grabbed the telephone cord, pulled it and the cord snapped out of the receiver. She did not fall down and, according to Raben, appeared uninjured.

Upon leaving the car lot, plaintiff, who suffered from *lupus erythematosus* and heart trouble, immediately became ill. The following day, she had an epileptic seizure for the first time in eight months. Her doctor noted upon examination that she had a bruise approximately 3 inches by 5 inches on the left side below the breast. He further testified that *lupus erythematosis* was greatly affected by trauma; that plaintiff's epilepsy had been caused by *lupus erythematosus* and that the blow received by plaintiff reactivated the disease, thus causing plaintiff's epileptic seizure. The total medical bill to date was $190. The doctor testified that the reactivation of *lupus erythematosus* had weakened plaintiff's general over-all condition and that she was unable to be employed for approximately nine months. Her loss of wages during this period amounted to $4,500.

On appeal, defendants contend that the award was excessive, that the trial court improperly refused to instruct on contributory negligence and assumption of risk, and that counsel engaged in prejudicial comments.

## WAS THE AWARD EXCESSIVE?

█ The amount of damages is a question particularly within the province of the jury. Wise v. Monteros, 93 Ariz. 124, 379 P.2d 116 (1963). The initial duty to reduce excessive verdicts lies with the trial court. Allied Van Lines v. Parsons, 80 Ariz. 88, 293 P.2d 430 (1956); Braun v. Moreno, 11 Ariz.App. 509, 466 P.2d 60 (1970); Newman v. Piazza, 6 Ariz.App. 396, 433 P.2d 47 (1967). Where the trial court has refused to interfere with the jury's determination of damages, we will not intercede on that issue, unless we are convinced "that the verdict is so outrageously excessive as to suggest, at first blush, passion or prejudice." Braun v. Moreno, supra, 11 Ariz.App. at 512, 466 P. 2d at 63. The damages awarded must be so excessive as to shock the conscience of the court. Young Candy & Tobacco Company v. Montoya, 91 Ariz. 363, 372 P.2d 703 (1962).

■ As a result of the reactivation of the *lupus erythematosus* subjecting the plaintiff to epileptic seizures, the doctor was requested to describe in some detail the seizure. He responded:

"A seizure of the type that she has is the seizure where you have frothing of the mouth, rolling of the eyes, a patient is completely unconscious, they may or may not lose their bladder and colon function and they have no control over this. It is like taking an electric shock, which essentially is what it is, and just vibrates to all of the body."

Our supreme court in considering the question of mental suffering as a basis for awarding damages stated:

"Mental suffering, including shame from the indignities of the acts, is usually considered an injury for which damages may be given. See Boies v. Raynor, 89 Ariz. 257, 361 P.2d 1 (1961)." Skousen v. Nidy, 90 Ariz. 215, 219, 367 P.2d 248, 250 (1961).

Considering the over-all circumstances of the incident, and the nature and extent of the plaintiff's injuries, our conscience is not shocked by the award. We are of the opinion that the evidence sufficiently sustains the verdict and therefore decline to interfere.

### DENIAL OF INSTRUCTIONS ON CONTRIBUTORY NEGLIGENCE AND ASSUMPTION OF RISK

Defendants allege the trial court erred by not giving their requested instructions on contributory negligence and assumption of risk which they claim were required by the evidence.

■ We once again direct attention to the limited nature of the assumption of risk defense. See Hildebrand v. Minyard, 16 Ariz.App. 583, 494 P.2d 1328 (filed March 23, 1972). The plaintiff must have actual knowledge of the particular risk and appreciate its magnitude. The plaintiff must also voluntarily choose to enter or remain within the area of risk under circumstances that manifest volition to accept that particular

risk. As pointed out in *Hildebrand,* assumption of risk is based on the plaintiff's express or implied consent. The record here is devoid of evidence of such consent and the trial court did not err in refusing to give the instruction.

■ Viewing the evidence which is most favorable to giving an instruction on contributory negligence, we believe such instruction may have been warranted. However, we find the error, if any, in refusing the instruction was harmless. The jury's verdict was predicated upon assault and battery, a different fault basis, rather than negligence. Contributory negligence is not a defense extended to intentional torts. Thus, it is no defense to assault and battery. Jenkins v. North Carolina Dep't of Motor Vehicles, 244 N.C. 560, 94 S.E.2d 577 (1956); Hawks v. Slusher, 55 Or. 1, 104 P. 883 (1909); W. Prosser, Laws of Torts § 65, at 426 (4th ed. 1971). This court will not reverse for harmless or technical error unless to do so would be inconsistent with substantial justice. Ariz.Const. art. 6, § 27, added 1960, A.R.S.; Ariz.R.Civ. P. 61, 16 A.R.S. We find no inconsistency here.

### COUNSEL'S COMMENTS TO THE JURY

■ Defendants claim prejudice from two comments made to the jury by plaintiff's counsel during closing argument. The effect of the first comment was that counsel knew and believed the testimony of plaintiff to be true. Objection was properly raised and the jury was instructed to disregard counsel's beliefs. During rebuttal counsel again began to assert his belief as to the plaintiff's veracity. He was, however, interrupted in mid-sentence by the court even before an objection was made. Counsel apologized and the jury was again instructed to disregard the comment. It is improper for counsel to argue to the jury his personal belief in his client's cause. However, the assertions must be clearly prejudicial, Connor v. Timothy, 43 Ariz. 517, 33 P.2d 293 (1934), and the record must establish that the remarks to the

jury caused it to return a verdict which was the result of passion and prejudice before we will interfere. City of Phoenix v. Boggs, 1 Ariz.App. 370, 403 P.2d 305 (1965). The record does not support a finding that the verdict was affected by the comments.

Affirmed.

KRUCKER, C. J., and HOWARD, J., concur.