## STATE OF IOWA v. IKE BRAFFORD, Appellant.

Robbery: SUFFICIENCY OF STATE'S EVIDENCE.    On a prosecution for robbery where the complaining witness clearly identifies defendant as one of the two persons who committed the robbery a conviction will be sustained, although the wife of defendant and another testify that he was at home on the evening the crime was committed.

Misconduct of Counsel: OBJECTION TO.    Misconduct of the county attorney can only be taken advantage of when objection thereto is made at the time.

Sentence: NOT EXCESSIVE.    Under the evidence in the case a sentence of seventeen years in the penetentiary is held not excessive.

*Appeal from Polk District Court.*—HON. A. W. WILKINSON, Judge.

WEDNESDAY, OCTOBER 7, 1903.

PROSECUTION for robbery, committed by defendant while armed with a deadly weapon. The jury returned a verdict of guilty, and defendant was sentenced to seventeen years in the penitentiary. Defendant appeals.— *Affirmed.*

*Walter McHenry* and *Spurrier, Forbes & Mills* for appellant.

*Chas. W. Mullan,* Attorney General, and *Chas. A. Van Vleck,* Assistant Attorney General, for the State.

PER CURIAM.—With reference to appellant's claim that the verdict is not supported by the evidence, it is enough to say that the prosecuting witness in his testimony fully identified the defendant as one of two · persons who stopped him on a public street in Des Moines, and, after compelling him, by the presentation of revolvers and threats to kill him, to hold up his hands, one of them robbed him of the contents of his pockets. The only showing in behalf of defendant was the testimony of his wife and another woman, who was a neighbor, that he was at home during the evening on which the robbery was committed. The conclusion of the jury was sufficiently supported by the evidence, and there is no occasion for us to interfere.

Misconduct of the county attorney in the closing argument to the jury is urged, consisting, as alleged, in the use before the jury, by way of illustration, of a revolver, which had been produced from the custody of the clerk, apparently with the intention of making it an exhibit, but which was not introduced in evidence. The difficulty with this claim is that the misconduct appears only by statements of counsel made to the trial court, and that no ob-

jection to the action of the county attorney was interposed
at the time.   By way of excuse for not making objection,
counsel urge that the trial judge was absent from the
courtroom, but the fact seems to be that the trial judge,
though absent during defendant's argument, had returned
to and was in the courtroom when the closing argument of
the county attorney was commenced, and was present
during its continuance.   At any rate, the showing is such
as would justify such a finding by the court, and, under
the circumstances, we would not be warranted in inter-
fering with his ruling.

Complaint is made that the sentence is excessive, but
the statutory penalty for the offense is imprisonment in
the penitentiary for not less than ten nor more than
twenty years.   Certainly, if the defendant committed the
crime under the circumstances shown by the evidence of
the prosecuting witness, which, as to such circumstances,
is uncontradicted, the case was an aggravated one, and a
severe sentence was justified. .

No error appearing from the record, the judgment of
the trial court is AFFIRMED.