318 P.2d 364

Mary SWETNAM and W. L. Swetnam, her husband, Appellants,

v.

F. W. WOOLWORTH COMPANY, a corporation, and John Kerr, Appellees.

No. 6168.

Supreme Court of Arizona.

Nov. 26, 1957.

190

Marvin Johnson and Neal T. Roberts, Phoenix, for appellants.

Kramer, Roche & Perry and F. Haze Burch, Phoenix, for appellees.

JOHNSON, Justice.

Plaintiff Mary Swetnam and her husband sued defendants F. W. Woolworth Company and John Kerr for damages for false arrest and imprisonment. The case went to trial before a jury, and at the conclusion of the plaintiffs' case, upon motion of the defendants, the court directed a verdict in favor of the defendants and entered judgment accordingly. Plaintiffs now bring this appeal from such judgment.

The events and circumstances upon which the alleged cause of action is based are as follows:

In October, 1952, the plaintiff, Mary Swetnam, while shopping in downtown Phoenix, entered the F. W. Woolworth Company store, carrying in her hand a scarf which had been previously given to

her by her son. She was also carrying packages in her arms.

Plaintiff, after entering the store, stopped and examined some scarfs at a counter, spending about five minutes, and then picked up her packages, which she had laid on the counter. Plaintiff did not remember if she laid the scarf on the counter but it was in her hand as she walked away. Plaintiff, upon leaving the scarf counter, noticed a young man following her whom she assumed was a floor walker for the store.

Plaintiff went to the counter where packages were checked and left her packages. The young man who had been watching her was joined by another man and they watched her while she was eating her lunch. After finishing her lunch she walked towards the men and at this time she was met by the store manager, defendant John Kerr. Plaintiff testified:

"And he [Kerr] jerked the scarf like that out of my hand and he said, 'Do you want this scarf?' and, 'Well,' I said, 'I most certainly do. It is mine.' He said, 'Didn't you pick that scarf up back there?' I said, 'No, sir, I did not.' He said, 'You come and go with me,' and jerked—I can't remember if he laid his hand on me or not, but he jerked at my hand, and I went."

Plaintiff then gave two different versions of what happened. She first stated that she took four or five steps with defendant Kerr and stopped and asked where they were going and inquired if he was accusing her of stealing the scarf, and that she jerked the scarf out of his hand and then reclaimed the packages from the check counter and left the store. The other version given by the plaintiff was that she walked by the side of defendant Kerr from the lunch counter to the other side of the store; that she then stopped by one of the counters where merchandise was offered for sale and would not go any further with him because she "hadn't done anything wrong", and that defendant Kerr left; that she did not see defendant Kerr again until she was leaving the store, and that he did not speak to her at that time, but as she testified "he [Kerr] just ducked his head and run toward the back."

It further appears that the defendants did not make any threats or physically detain her at any time. The only reply defendant Kerr made to the inquiry of plaintiff when she asked if she was being accused of stealing the scarf was, "Well, we lose so many things like that."

The question presented to this court is whether the evidence of plaintiff was sufficient as a matter of law to require the trial court to submit the case to the jury.

In determining this question we must, of course, construe the evidence most favorably for plaintiff, and if the evidence is of such character that reasonable minds

may differ as to the inferences to be drawn from the facts the case must be submitted to the jury. Ong v. Pacific Finance Corp. of California, 70 Ariz. 426, 222 P.2d 801.

■ The essential element of false imprisonment is the direct restraint of personal liberty or the freedom of locomotion. The gist of false imprisonment is unlawful detention. There need not be actual force; the restraint may be from the fear of force as well as from force itself. Words alone are frequently sufficient to bring about the actual restraint of liberty. False imprisonment may be committed by words alone, or by acts alone, or by both, or by merely operating the will of the individual. Jarrett v. St. Francois County Finance Co., Mo.App., 185 S.W.2d 855, and cases cited therein. Any restraint, however slight, upon another's liberty to come and go as one pleases, constitutes an arrest. There is an illegal arrest and false imprisonment of another where a person is detained for any length of time against their will. Conoly v. Imperial Tobacco Co., 63 Ga.App. 880, 12 S.E.2d 398, 22 Am. Jur. 356, section 4.

■ The rule is that there must be an actual arrest or such conduct toward the plaintiff as would lead a reasonably prudent person in the same situtation to believe that she was arrested; that is, if she is not actually arrested as that term is commonly understood, the conduct of the other party toward her must be such as to give her reasonable ground to believe that the other party intends to control her action, and, if necessary, to use force for that purpose and thereby restrain her from acting upon her own volition, and if by reason thereof she submits to the control of the other party, then the proof will be sufficient to sustain a charge of false arrest. Humphreys v. St. Louis-San Francisco Ry. Co., Mo.App., 286 S.W. 738; Hurst v. Montgomery Ward & Co., Mo. App., 107 S.W.2d 183.

The defendant Kerr did not charge or accuse plaintiff with the theft of a scarf. Actually there was no accusation made against plaintiff but she inferred the same when she testified as follows:

"Q. All right. What was said to you by Mr. Kerr at that time? A. I asked him where he was taking me. I said, 'Now just where are you taking me?' I said, 'You are accusing me of stealing this scarf,' and I said, 'I never stole a thing in my life.' I said, 'I don't have to steal.' I said, 'If you would see in my purse, you would know I had some money with me. I don't have to steal.' and I said, 'Do you see this scarf? It will be two years old this Christmas. My son gave it to me, and he bought it at the Tolleson Variety Store, and it cost $1.39.' I said, 'If you don't believe me, you can go with me out there and I will prove it.' and

he didn't apologize, and he said, 'Well, we lose so many things like that,' and I said, 'Well, I can't help what other people do,' and I turned around and asked those two guys the manager of the store, and they said they didn't know his name, and then I went back and asked some of the clerks the manager's name, and they wouldn't tell me."

 In any event, if the language used by defendant Kerr might be construed as accusing plaintiff of theft it is immaterial for such accusation is not evidence of false imprisonment. There was nothing in what Kerr said that amounted to a restraint of the plaintiff nor was there anything in what Kerr did that restrained the plaintiff of her liberty. The plaintiff's testimony was that she remained with defendant only a short way and would not go any further with him and that no attempt was made to force or restrain her; that the plaintiff was free to go where she desired and that she did in fact go to other counters in the store and then left the premises. There was no evidence that during the brief conversation the plaintiff was prevented by acts of physical force, threats or otherwise from leaving the store at any time.

There were no words or conduct which could have induced a reasonable apprehension by the plaintiff that she could not leave the store without interference if and when she desired to do so.

Applying the foregoing rules, which are well established, to the evidence considered in the light most favorable to plaintiff, we are of the opinion that it was insufficient to justify a finding that the plaintiff was restrained of her liberty by anything that was said or done by Kerr.

Judgment affirmed.

UDALL, C. J., and WINDES, PHELPS, and STRUCKMEYER, JJ., concurring.