**L. C. BOIES, Larry Vawter, Jack Ashinhurst, Dan Zaplen, and Anchor Casualty Company of St. Paul, Minnesota, Appellants,**

**v.**

**Henry A. RAYNOR, Appellee.**

No. 6835.

Supreme Court of Arizona.

April 19, 1961.

Charles C. Stidham, former County Atty., Phoenix, James J. Caretto, Chief Civil Deputy Atty., Phoenix, for appellants.

Moore & Moore, Phoenix, for appellee.

JENNINGS, Justice.

Henry A. Raynor, appellee (hereinafter called plaintiff) filed an action in the Superior Court of Maricopa County for false arrest. He claimed appellants (hereinafter called defendants) Larry Vawter, Jack Ashinhurst, and Dan Zapien, deputies of Cal Boies, had unlawfully detained him. Defendants contended plaintiff was never placed under arrest. Rather they contended plaintiff voluntarily accompanied them to the sheriff's office on a warrant issued for one Henry A. Raynor for the purpose of being identified by the complaining witness.

At the conclusion of the trial the defendants moved for a directed verdict. This was denied and the jury returned a verdict for the plaintiff in the sum of $1,000. The court later denied a motion for judgment non obstante veredicto and also denied a motion for a new trial.

Defendants assigned as error the trial court's refusal to grant defendants' motion for a directed verdict or in the alternative judgment non obstante veredicto or for a new trial. The assignment raises three questions, (a) was Raynor arrested, (b) did the officers use reasonable diligence and reasonably believe that the plaintiff was the person intended to be arrested, and (c) did the plaintiff sustain damages? In this determination we must construe the evidence most favorably in plaintiff's favor and if in this light the evidence is such that reasonable men may differ concerning inferences to be drawn from the facts, then we must sustain the trial court's action in submitting the case to the jury. Swetnam v. F. W. Woolworth Co., 83 Ariz. 189, 318 P. 2d 364, 366.

As this Court stated in Swetnam v. F. W. Woolworth, supra:

"The essential element of false imprisonment is the direct restraint of personal liberty or the freedom of locomotion. The gist of false imprisonment is unlawful detention. There need not be actual force; the restraint may be from the fear of force as well as from force itself. Words alone are frequently sufficient to bring about the

actual restraint of liberty. False imprisonment may be committed by words alone, or by acts alone, or by both, or by merely operating the will of the individual. Jarrett v. St. Francois County Finance Co., Mo.App., 185 S.W.2d 855, and cases cited therein. Any restraint, however slight, upon another's liberty to come and go as one pleases, constitutes an arrest. There is an illegal arrest and false imprisonment of another where a person is [unlawfully] detained for any length of time against their will." (Cases cited.)

Plaintiff testified that the defendants informed him he was under arrest. One of the defendants testified that the code numbers 10–15 were used over the radio. Admitted in evidence was an official police card containing official code numbers upon which the numbers 10–15 were recorded. The only meaning placed beside these code numbers were the words "We have prisoner in custody".

One of the defendants testified that he reminded plaintiff: " * * * if it's true what you say that you are not the man in this warrant, you will be immediately *released* and brought home." Before one is released he must first be controlled or held in custody.

Plaintiff testified he did not accompany the officers of his own volition but merely because he realized that he was being taken into custody by law officers who seemed capable of enforcing their demands. We believe this evidence sufficient to sustain a finding by the jury that there was an arrest.

Granted the defendants had a proper warrant, did they use reasonable diligence to ascertain whether or not the plaintiff was the man named in the warrant and reasonably believe that plaintiff was the person to be arrested?

The evidence shows that the officers had two varying descriptions for Henry A. Raynor, neither of which accurately described plaintiff. They expressed some doubt that plaintiff was the Henry A. Raynor sought. Defendants did not find plaintiff at the address shown on the warrant. Instead they used an address for a Henry A. Raynor which they found listed in a telephone directory.

Restatement of the Law of Torts, § 125, at 287, 288, has the following to say on this subject:

" * * * If the person arrested is sufficiently though not accurately named or if there is another person known to the actor as to whom the name is also accurate, the actor is not privileged to make an arrest if he doubts and therefore does not believe that the person arrested is the person intended. * * Thus, if the warrant directs the arrest of XYZ for an offense involving great

depravity, and there are two XYZ's; the one being of high character, the other being of dissolute character, the actor is not privileged to arrest the former without a thorough investigation, but he is privileged to arrest either if, after such an investigation, he reasonably believes him to be the person intended. * * *"

■ We feel there was sufficient evidence to justify the jury in finding that the defendants did not use reasonable diligence in their inquiries to ascertain whether or not plaintiff was the man named in the warrant. There was also sufficient evidence to justify the jury in the finding that defendants did not reasonably believe that plaintiff was the man sought.

Was the plaintiff damaged? Or to rephrase the question, was there substantial evidence which, if believed by the jury, would justify them in finding a verdict in favor of the plaintiff in the sum of $1,000?

Appellants claim that the amount is excessive, that there was no evidence of actual injury. The evidence shows that the officers restrained the plaintiff of his liberty for several hours while the complaining witness, Virginia Ross, was waiting to come from Mesa, Arizona, to the sheriff's office in Phoenix, Arizona.

Plaintiff testified that he sat in the sheriff's office like a mouse guarded by a cat for several hours during the day—having nothing to eat, no supper the previous evening, and thinking maybe the complaining witness would identify him as the person who had beaten her up. He further testified that his wife was pregnant with twins and instead of weighing her normal weight of 125 pounds she weighed 175 pounds. He had informed defendants of this fact and they were fully aware that this problem was causing him great anxiety. His imprisonment was made known to his young boys when he returned. The neighbors also saw the officers take him away, and during the several hours while he was confined in the sheriff's office, the plaintiff's customers continued to call his house inquiring as to his whereabouts. He was also fearful of the safety of his young children who had to cross busy streets by themselves on their way to Bible School.

■ With regard to damages for false arrest and imprisonment it is the general rule that in actions for personal injuries, mental suffering, including fright, shame, and mortification from the indignity and disgrace, consequent upon an illegal detention is usually considered an injury for which compensation may be made. Although there are some jurisdictions which do not follow this rule we believe it to be sound, and therefore, hold that it is an element of damage. See, 22 Am.Jur. False Imprisonment, § 130, p. 438.

■ We think that in the event the jury believed plaintiff's testimony concerning the

defendants' awareness of his anxiety over his wife's condition, his concern for his customers' feelings toward him and possible detriment to his business, his concern for the health and safety of his children, their filial affection toward him and possible subsequent harmful effects when they saw him escorted home by the officers, and the loss of respect from his neighbors, then it became the jury's province under the evidence to make a decision on the matter. The jury made that decision and determined that there was disturbance of sufficient severity to merit recovery of $1,000. Under the circumstances we must abide by their decision.

 While defendant Dan Zapien was not a party in the procurement of the arrest there was conflicting evidence as to whether the facts of the arrest were known to him and he participated in the illegal detention. Consequently the judgment against him is valid and binding.

In Sturges v. Tongeland et al., 83 Ariz. 148, 317 P.2d 941, 942, we said:

"'* * * In considering questions of this nature we have repeatedly laid down the following rules, that where the evidence is in conflict, we will not substitute our opinion thereof for that of the trial court. (citing cases); that evidence will be taken in the strongest manner in favor of the appellee and in support of the court's findings. (citing

cases); and that a judgment will not be disturbed when there is any reasonable evidence to support it. (citing cases).'"

Judgment affirmed.

STRUCKMEYER, C. J., BERNSTEIN, V. C. J., and UDALL and LOCKWOOD, JJ., concur.