Argued June 7, reversed and remanded July 15, 1965

# STATE OF OREGON *v.* TURNER
404 P. 2d 187

*Alan D. Gross,* Salem, argued the cause and submitted a brief for appellant.

*John D. Burns,* Deputy District Attorney, Portland, argued the cause for respondent. With him on the brief was George Van Hoomissen, District Attorney, Portland.

Before McALLISTER, Chief Justice, and PERRY, SLOAN, O'CONNELL, GOODWIN, DENECKE and HOLMAN, Justices.

## SLOAN, J.

Defendant and two others were charged with assault with intent to rob. The gist of the offense charged was that Turner and his companions entered a small grocery store in Portland with the intent to rob the proprietors of the store. The state claimed that Turner pointed a loaded gun at a lady proprietor and ordered her to put up her hands. When she hesitated Turner, it was claimed, struck her with the gun. The three men then fled the scene. The assault was alleged to have occurred in the early afternoon.

Turner's two companions were arrested later in the afternoon and gave the police statements incriminating themselves and Turner. About 7 p.m. of the same day Turner was arrested at the home of a girl friend. He was immediately taken to the police station. At that time he refused to talk with the officers.

About 5:30 p.m. the next afternoon Turner was again questioned by the officers and again he refused

to talk. At that time he was told of the seriousness of the offense he was charged with and that it could lead to a lengthy sentence. Turner was returned to his cell. About two hours later he had the jailor call the officers he had previously talked with and advised them he wanted to talk. At that time he gave an oral statement which implicated him in the crime charged. This statement was used against him at the trial and forms the basis for an assignment of error because of the failure of the officers to advise him of his right to remain silent and of his right to counsel. He was again questioned on the following day.

The record is uncertain as to when, if at all, the officers advised him effectively of his right to counsel and of the right to remain silent. The one officer who testified could not specify the time. The officer at first said that Turner was not advised of his rights until the day following his claimed confession. The officer later testified that he "believed" that Turner was advised of his rights at the time he gave the incriminating statement. This uncertainty was not clarified. The questioning of the officer was primarily directed at the question of voluntariness.

From the time Turner was identified and arrested the police knew the crime for which he was to be charged; and that he would be charged with the crime regardless of answers he gave to their questions. The sole purpose of any interrogation at all was to further incriminate him. It was the duty of the police officers to have effectively advised him of his absolute right to remain silent and to his right to counsel. *State v. Neely*, 1965, 239 Or 487, 398 P2d 482. The state has the burden of proof to show that Turner was effectively advised. The evidence here is not sufficient to sustain the state's burden of proof. The trial court must hear

the evidence and make findings as to whether or not
Turner was effectively advised and that a waiver of
rights did occur. *State v. Keller,* 1965, 240 Or 442, 402
P2d 521.

■ Although the other assignments are not likely to
re-occur on another trial, it does appear necessary to
mention one of them. When Turner was testifying he
was asked if he had intended to commit the crime
charged. The court sustained the state's objection to
the question. The answer to the question was admissible. *State v. Miller,* 1931, 137 Or 218, 2 P2d 8.

Reversed. New trial ordered.