STATE OF IOWA, appellee, v. BEN LEE SANDERS, appellant.

No. 52189.

(Reported in 149 N.W.2d 159)

MARCH 7, 1967.

Morton A. Teitle, of Davenport, for appellant.

Richard C. Turner, Attorney General, David A. Elderkin, Assistant Attorney General, and David P. Miller, Scott County Attorney, for appellee.

STUART, J.—A jury convicted defendant of the crime of forcible rape in violation of section 698.1 of the 1962 Code. He has appealed assigning three errors.

I. Defendant contends the trial court erred in overruling his motion for new trial in which he claimed the verdict was contrary to the evidence. We find no merit in this assignment of error. Both the alleged victim and her husband made positive identification of defendant as the man who entered their bedroom, tied up the husband and took the wife downstairs, where, the victim testified, the rape took place. There was testimony of adequate light both upstairs and downstairs. There was ample opportunity for both witnesses to get a good look at the intruder. Both witnesses picked defendant out of the lineup by his appearance and his voice.

Defendant argues State's evidence is so bizarre as to be unbelievable. He refers specifically to evidence which "discloses that defendant tied Mr. Van Gorder to a child's crib; that the

defendant raped Mrs. Van Gorder while holding a gun to her head and that she immediately told her husband of the occurrence." He contends it would be impossible to tie a man in such a manner while constantly pointing a revolver at him. This testimony is no more bizarre than the only alternative which is that the alleged victim and her husband fabricated the whole story without any reason whatsoever.

■ We have often held the trial court is vested with a large amount of discretion in passing on a motion for new trial and we will not interfere with a jury verdict unless it is clearly against the weight of the evidence and there is such an utter lack of support for the finding as to require a reversal. State v. Heinz, 223 Iowa 1241, 1258, 275 N.W. 10, 114 A. L. R. 959; State v. Brightman, 252 Iowa 1278, 1288, 110 N.W.2d 315; State v. Addison, 250 Iowa 712, 719, 95 N.W.2d 744; State v. Benson, 247 Iowa 406, 410, 72 N.W.2d 438.

■ We hold there was sufficient evidence to create a jury question and the trial court did not err in overruling defendant's motion for new trial.

■ II. Defendant offered the defense of alibi and introduced the testimony of several witnesses who testified he was helping his sister and brother-in-law move at the time in question. The State, in rebuttal, offered the evidence of two detectives who testified defendant, while being interrogated after his identification, told them he had spent that evening in a tavern with some friends.

Defendant objected to the introduction of these incriminating statements on rebuttal on the ground that he was without counsel when interrogated by the detectives while in their custody. He denies making such admissions and makes no claim of mistreatment by the police. He does not claim there was a request for counsel and the detectives testified he made no such request.

This case was tried before June 13, 1966, the effective date of Miranda v. State of Arizona, 384 U. S. 436, 86 S. Ct. 1602, 16 L. Ed.2d 694, in which the United States Supreme Court first imposed on the states strict constitutional requirements concerning defendant's right to counsel preceding an interrogation.

Johnson v. New Jersey, 384 U. S. 719, 86 S. Ct. 1772, 16 L. Ed.2d 882.

We have heretofore determined not to apply the principles announced in Miranda to trials started prior to June 13, 1966. See Division IV of the majority opinion in State v. Rye, 260 Iowa 146, 148 N.W.2d 632, which replaces the former opinion appearing in 145 N.W.2d 608, and Davis v. North Carolina, 384 U. S. 737, 86 S. Ct. 1761, 16 L. Ed.2d 895. Under State v. Rye and prior Iowa authorities the admissions made under the circumstances disclosed here were admissible. State v. Leiss, 258 Iowa 787, 140 N.W.2d 172; State v. Tharp, 258 Iowa 224, 138 N.W.2d 78; State v. Mabbitt, 257 Iowa 1063, 135 N.W.2d 525; State v. Fox, 257 Iowa 174, 131 N.W.2d 684.

██ III. The trial court sentenced defendant to 50 years in the Men's Reformatory at Anamosa. He contends the sentence is excessive and should be reduced. We are not inclined to reduce a sentence imposed by the trial court unless it is manifestly too severe—"one disproportionate to the degree of guilt, as shown by the proof." State v. Olander, 193 Iowa 1379, 186 N.W. 53, 55, 29 A. L. R. 306; State v. Bruntlett, 240 Iowa 338, 36 N.W.2d 450, 460; State v. Gramenz, 256 Iowa 134, 126 N.W.2d 285, 292.

"The permissible sentence for the offense of rape, as fixed by section 698.1 of the Code of 1962, is imprisonment for life or any term of years not less than five. The court's sentence is thus within the limits of the statute. Under these circumstances we will not interfere, in the absence of a showing that the court abused the discretion vested in it. We find no such showing here. If the State's case was to be believed—and we are unable to agree with defendant that it was so fantastic and discredited that it could not be believed—the trial court acted within the bounds of the statute in assessing the penalty." State v. Ladehoff, 255 Iowa 659, 672, 122 N.W.2d 829, 837.

We adopt this language in the instant case.

We have carefully examined the record in this matter and conclude defendant had a fair trial and that there was no reversible error.—Affirmed.

GARFIELD, C. J., and LARSON, SNELL and MOORE, JJ., concur.

RAWLINGS, MASON and BECKER, JJ., dissent.

THORNTON, J., not sitting.

RAWLINGS, J.—Being unable to agree with the statements made and conclusions reached in Division II of the majority opinion, I respectfully dissent. See Fahy v. Connecticut, 375 U. S. 85, 91, 84 S. Ct. 229, 232, 11 L. Ed.2d 171; Fay v. Noia, 372 U. S. 391, 439, 83 S. Ct. 822, 849, 9 L. Ed.2d 837; and dissent in State v. Rye, 260 Iowa 146, 157, 148 N.W.2d 632, 639, replacing former opinion reported in 145 N.W.2d 608.

Because of failure to advise defendant of his right to counsel his statements to the officers could not be used for any purpose in the trial of the case, including rebuttal.

MASON and BECKER, JJ., join in this dissent.