STATE of Iowa, Appellee,

v.

Russell Eugene PARKEY, Appellant.

No. 125.

Supreme Court of Iowa.

Sept. 19, 1972.

Oscar E. Jones, Des Moines, for appellant.

Richard C. Turner, Atty. Gen., Allen J. Lukehart, Asst. Atty. Gen., and Ray Fenton, County Atty., for appellee.

PER CURIAM:

Defendant appeals from conviction and sentence for robbery with aggravation in violation of Code sections 711.1 and 711.2. We affirm.

About 1:45 p. m., March 27, 1971, two men entered Sargent's Restaurant in Des Moines. After some discussion in the presence of Mrs. William Sargent, the owner, they placed their orders for food. Several minutes thereafter one of the men demanded her money. The man whom she later identified as defendant Russell Eugene Parkey pointed a gun at her. They took money from the cash register and left. Mrs. Sargent immediately reported the robbery to the Des Moines police department. Her description of defendant included the fact he was wearing a cap with a large bill and an army jacket with the sleeves cut off. At the police station Mrs. Sargent saw defendant's photograph on a bulletin board and stated he was one of the men who had robbed her. She also picked defendant out of a lineup and identified him at trial. Defendant testified he did not own a gun and denied participation in the robbery. He admitted having owned such items of clothing as described by Mrs. Sargent.

Defendant contends the jury guilty verdict is contrary to the law and the evidence. He asserts the trial court erred in overruling his motion for new trial.

■ Defendant concedes corroboration of a robbery identification witness is not required but argues his conviction based on Mrs. Sargent's testimony should not be allowed to stand.

■ The trial court is vested with considerable discretion in passing on a motion for new trial. State v. Sanders, 260 Iowa 327, 329, 149 N.W.2d 159, 160. It is the fact-finder's function, not ours, to decide fact questions and determine the credibility of witnesses. Its finding of guilt is binding upon us unless we are satisfied it is without substantial support in the evidence or is clearly against the weight thereof. State v. Harrington, Iowa, 178 N.W.2d 314, 315; State v. Badgett, Iowa, 167 N.W.2d 680, 684; State v. DeRaad, Iowa, 164 N.W.2d 108, 109, 112.

In State v. Kaster, Iowa, 160 N.W.2d 856, 859, we say: "The jury evidently believed the State's witness, as it had every right to do. It is well settled that this court is powerless in a criminal case to interfere with the discretion of the jury to believe or disbelieve any witness. (Citations)."

The evidence here clearly supports the jury verdict. The trial court did not err in denying defendant's motion for new trial. This conclusion finds strong support in State of Iowa v. Brafford, 121 Iowa 115, 96 N.W. 710, which is very similar factually.

Defendant also contends the verdict was the result of passion and prejudice of the jury. We have examined the entire record, including the trial transcript and find no evidence which supports this contention.

Having found no reversible error herein, the judgment of the trial court is affirmed.

Affirmed.