NOTICE: NOT FOR OFFICIAL PUBLICATION.
UNDER ARIZONA RULE OF THE SUPREME COURT 111(c), THIS DECISION IS NOT PRECEDENTIAL
AND MAY BE CITED ONLY AS AUTHORIZED BY RULE.

IN THE

# ARIZONA COURT OF APPEALS
## DIVISION ONE

In re the Matter of:

JUSTINE ALANIZ, *Petitioner/Appellee*,

*v.*

CHRISTIAN ALANIZ, *Respondent/Appellant*.

No. 1 CA-CV 21-0125 FC
FILED 3-3-2022

Appeal from the Superior Court in Maricopa County
No. FC2020-098234
The Honorable Harriet M. Bernick, Judge *Pro Tempore*

**AFFIRMED**

COUNSEL

Alexander R. Arpad Attorney at Law, Phoenix
By Alexander R. Arpad

Moon Law Firm PLC, Mesa
By Robert J. Moon
*Co-Counsel for Petitioner/Appellee*

The Hogle Firm PLC, Mesa
By Nathan J. Hogle
*Counsel for Respondent/Appellant*

---

**MEMORANDUM DECISION**

Presiding Judge Peter B. Swann delivered the decision of the court, in which Judge David D. Weinzweig and Judge Paul J. McMurdie joined.

---

**S W A N N**, Judge:

**¶1**         Justine Alaniz ("Wife") sought an order of protection against her husband Christian Alaniz ("Husband"), alleging Husband had been violent against her, intimidated her with a firearm, and told her employer she abused drugs.  The Mesa Municipal Court issued the order of protection and a Brady Notice ordering Husband to surrender his firearms to the local sheriff's department.  After a contested evidentiary hearing, the Maricopa County Superior Court confirmed the protective order and Brady Notice.  Husband appeals.  For the following reasons, we affirm.

**DISCUSSION**

**¶2**         We review a protective order for abuse of discretion.  *Savord v. Morton*, 235 Ariz. 256, 259, ¶ 10 (App. 2014).  A court abuses its discretion when "it makes an error of law in reaching a discretionary conclusion or 'when the record, viewed in the light most favorable to upholding the trial court's decision, is devoid of competent evidence to support the decision.'" *Michaelson v. Garr*, 234 Ariz. 542, 544, ¶ 5 (App. 2014) (citation omitted).  We view the evidence in the light most favorable to upholding the superior court's findings but review questions of law de novo.  *See Shah v. Vakharwala*, 244 Ariz. 201, 202, 204, ¶¶ 5, 11 (App. 2018).

I.      THE GUN INCIDENT ALONE WAS AN ACT OF DOMESTIC VIOLENCE WARRANTING AN ORDER OF PROTECTION.

**¶3**         A court must grant a protective order if it determines that the defendant may commit an act of domestic violence or has committed an act of domestic violence within the past year.[1]  A.R.S. § 13-3602(E)(1), (2).  An act of domestic violence occurs when an individual commits a qualifying

---

[1]     The court may look beyond the one-year timeframe if it finds "that good cause exists to consider a longer period."  A.R.S. § 13-3602(E)(2).

crime[2] against someone with whom they have a specific relationship, including marriage. A.R.S. § 13-3601(A). The issue of the parties' marital relationship is not in dispute. However, Husband argues there was insufficient evidence of domestic violence to meet the requirements for an order of protection. We disagree.

**¶4**　　　　At the evidentiary hearing, Wife testified that during an argument on October 6, 2020, Husband retrieved a revolver from the couple's closet, attempted to force her to take the gun, and told her to use it against him. Husband argues that the incident was not threatening, as he only used the weapon to "make a dramatic point." Wife, however, testified that she was afraid for her safety because at the time Husband was intoxicated and would not allow her to leave the room. Wife also introduced several text-message conversations between the parties in which Husband admitted he knew the incident with the gun was "scary."

**¶5**　　　　We defer to the trial court's findings of credibility and the weight to give conflicting evidence. *Cardoso v. Soldo*, 230 Ariz. 614, 619, ¶ 17 (App. 2012). The court found Wife's testimony more credible, and we will not substitute our own judgment for the superior court's. Accepting Wife's version of events, the gun incident meets the requirements for several crimes listed under A.R.S. § 13-3601(A).

**¶6**　　　　The superior court recognized that by bringing out a weapon and attempting to force Wife to take it, someone could have been hurt. This is endangerment. A.R.S. § 13-1201(A) ("A person commits endangerment by recklessly endangering another person with a substantial risk of imminent death or physical injury."). Husband's reckless handling of a firearm also constitutes disorderly conduct. A.R.S. § 13-2904(A)(6) (a person commits disorderly conduct when, intending or knowing he or she will disturb the peace or quiet of another person, he or she "[r]ecklessly handles, displays or discharges a deadly weapon or dangerous instrument"); A.R.S. § 13-105(15) ("'Deadly weapon' means anything designed for lethal use, including a firearm."). Finally, in preventing Wife from leaving the room, Husband committed unlawful imprisonment. A.R.S. § 13-1303(A) (unlawful imprisonment is committed by "knowingly

---

[2]　　　　Qualifying crimes include those prescribed in §§ 13-1102, 13-1103, 13-1104, 13-1105, 13-1201, 13-1202, 13-1203, 13-1204, 13-1302, 13-1303, 13-1304, 13-1406, 13-1425, 13-1502, 13-1503, 13-1504, 13-1602 or 13-2810, 13-2904, subsection A, paragraph 1, 2, 3 or 6, 13-2910, subsection A, paragraph 8 or 9, 13-2915, subsection A, paragraph 3 or 13-2916, 13-2921, 13-2921.01, 13-2923, 13-3019, 13-3601.02 or 13-3623. A.R.S. § 13-3601(A).

restraining another person"); *see also Swetnam v. F.W. Woolworth Co.*, 83 Ariz. 189, 192 (1957) ("Any restraint, however slight, upon another's liberty to come and go as one pleases, constitutes an arrest.").

## II.   THE COURT DID NOT ERR IN AFFIRMING THE BRADY NOTICE.

¶7       Husband argues the superior court erred in affirming the Brady Notice because there was insufficient evidence that his actions constituted a credible threat to Wife's safety.  However, courts may prohibit an individual from owning firearms if they either make a finding that the defendant is a credible threat to the plaintiff's safety *or* that the order itself contains explicit language prohibiting the use, attempted use, or threatened use of physical force against the plaintiff.  18 U.S.C. § 922(g)(8)(C)(i), (ii).  A person may not possess a firearm if he or she is subject to a court order that:

> (A) was issued after a hearing of which such person received actual notice, and at which such person had an opportunity to participate;
>
> (B) restrains such person from harassing, stalking, or threatening an intimate partner of such person or child of such intimate partner or person, or engaging in other conduct that would place an intimate partner in reasonable fear of bodily injury to the partner or child; and
>
> (C) (i) includes a finding that such person represents a credible threat to the physical safety of such intimate partner or child; or (ii) by its terms explicitly prohibits the use, attempted use, or threatened use of physical force against such intimate partner or child that would reasonably be expected to cause bodily injury.

18 U.S.C. § 922(g)(8).  Page one of the superior court's order explicitly states:

> Defendant shall not commit any crimes, including but not limited to harassment, stalking, or conduct involving the use, attempted use, or threatened use of physical force that would reasonably be expected to cause bodily injury, against Plaintiff or Protected Persons.

¶8       The superior court issued the protective order following a contested evidentiary hearing.  Therefore, in view of the order language, we need not address the sufficiency of the court's finding that Husband posed a credible threat to Wife's safety.

**CONCLUSION**

¶9     For the aforementioned reasons, we affirm.



AMY M. WOOD • Clerk of the Court
FILED:     AA